UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00191-GNS-LLK

CHARLES RANDAL CORNELIUS                                                                      PETITIONER

v.

RANDY WHITE, Warden                                                                            RESPONDENT

## MEMORANDUM OPINION AND SHOW-CAUSE ORDER

The pro-se Petitioner filed an original, first-amended, and second-amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [R. 1, 7, 11.] Respondent responded in opposition to the petitions, and Petitioner replied. [R. 22, 23.] Thereafter, Petitioner filed a motion for the Court to grant his writ of habeas corpus, to which Respondent responded in opposition. [R. 28, 29.] The Court referred this case to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. [R. 30.]

Although not argued by Respondent, Petitioner appears to have filed his petitions well past the 1-year period of limitation established by 28 U.S.C. § 2244(d). Accordingly, the Court shall, as allowed, pursue the matter sua sponte but shall, as required, first give the parties a fair opportunity to respond to the issues raised in this Opinion and Order.

### Background facts and procedural history

Petitioner pled guilty in the Jefferson Circuit Court to burglary, attempted kidnapping, and assault and was sentenced to nineteen (19) years' imprisonment. [R. 22-3 at PageID # 116-18.] The Court entered its final Judgment Of Conviction And Sentence (After Plea And Waiver Of Separate Sentencing) on August 11, 2015. [*Id.*] Petitioner did not file a direct appeal.[1]

---

[1] On November 12, 2015, the Jefferson Circuit Court entered an Agreed Order Amending Prior Judgment, which clarified that Petitioner attempted to kidnap an adult as opposed to a child (Kentucky Uniform Crime Reporting Code (UOR) 10060-1 as opposed to 10050-1). [R. 22-3 at PageID # 119-20.] Attempted kidnapping of an adult is not a registrable offense under Kentucky Revised Statutes (KRS) § 17.500. [*Id.*]

1

According to Respondent, although "[t]he state court record does not contain the actual motion," Petitioner "filed a motion to vacate his sentence pursuant to RCr [Kentucky Rules of Criminal Procedure] 11.42 on September 7, 2016." [R. 22 at PageID # 92-93.] On November 7, 2016, the Jefferson Circuit Court denied Petitioner's 11.42 motion.[2] [R. 22-3 at PageID # 125-26.]

On February 17, 2017, Petitioner filed a notice of appeal from the November 7, 2016 Order denying his 11.42 motion. [*Id.* at PageID # 128.] On August 18, 2017, the Kentucky Court of Appeals dismissed Petitioner's appeal as untimely:

> … Kentucky rule of Criminal Procedure (RCr) 12.04(3) and Kentucky Rule of Civil Procedure (CR) 73.02(1)(a) require the notice of appeal to be filed within thirty days from the date of entry of the judgment or order form which the appeal is being taken. … The filing of a notice of appeal within the prescribed time frame is mandatory and failure to do so is fatal to an appeal. CR 73.02(2). [Petitioner's] notice of appeal was not timely filed as it was not tendered to the clerk of the Jefferson Circuit Court until after the deadline to file a notice of appeal.[3]

[*Id.* at PageID # 128-29.]

Petitioner sought discretionary review of the Kentucky Court of Appeals' dismissal. [*Id.* at PageID # 130-34]. On February 7, 2018, the Kentucky Supreme Court denied discretionary review. [*Id.* at 135.]

Petitioner filed his original habeas petition in this Court on or about March 27, 2018.[4] [R. 1.]

**The Court may raise the timeliness of a habeas petition sua sponte.**

"Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto." *Day v. McDonough*, 547 U.S. 198, 202 (2006). However, subject to the two limitations discussed below, a federal district court may consider a forfeited habeas defense sua sponte. *Id.* at 201. In *Day*, the State (the respondent) miscalculated the number of days running between

---

[2] The Court Order denying Petitioner's 11.42 motion provided no indication what specific issue(s) Petitioner raised in his 11.42 motion. [R. 22-3 at PageID # 125-26.]
[3] The Kentucky Court of Appeals gave Petitioner an opportunity to show cause why his appeal was late, but Petitioner "demonstrated INSUFFICIENT CAUSE to prevent the dismissal of this appeal." [*Id.* at PageID # 129.] The Order dismissing Petitioner's appeal provided no indication what cause, if any, Petitioner asserted for his late appeal.
[4] Petitioner left blank the portion of the form petition that asked him to state when he placed the petition in the prison mailing system (to be filed). [R. 1 at PageID # 15.]

the finality of Day's state-court conviction and the filing of his federal habeas petition. *Id.* at 203. As a result, the State erroneously informed the District Court that Day's petition was timely. *Id.* A Magistrate Judge caught the State's computation error and recommended that the petition be dismissed as untimely, notwithstanding the State's timeliness concession. *Id.* at 204. The District Court adopted the recommendation, and the Court of Appeals affirmed. The Supreme Court affirmed, holding that the statute of limitations "implicat[es] values beyond the concerns of the parties" and, therefore, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Id.* at 205, 209.

As indicated above, a district court's ability to consider the timeliness of a habeas petition issue sua sponte is limited in two ways. First, a district court should not act sua sponte where the State "strategically withheld the [period of limitation] defense or chose to relinquish it," i.e., the State deliberately waived the issue.[5] *Id.* at 210-11. In *Day*, the Supreme Court emphasized that the State's concession of timeliness resulted from "inadvertent error." *Id.* at 211. In this case, the Court finds no concession of timeliness and regards Respondent's not arguing that the petitions are untimely as inadvertent.[6] Second, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* at 210.[7]

**The petition appears to be untimely.**

28 U.S.C. § 2244 provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §

---

[5] In *Wood v. Milyard*, 566 U.S. 463 (2012), the Supreme Court held that the Tenth Circuit erred in finding that the petition was untimely where the District Court did not rely on untimeliness and the State twice informed the District Court that it "will not challenge, but [is] not conceding" timeliness. *Id.* at 465.
[6] If the Court is mistaken in this regard, Respondent has only to inform the Court, and the Court will not pursue the timeliness question further. Additionally, Respondent should inform the Court if he disagrees with the analysis and conclusion presented in this Opinion and Order that the petitions are untimely.
[7] This Court entered show-cause Orders similar to the present one in *Dew v. Pancake*, No. 5:07-CV-0037-TBR, 2007 WL 1125776 (W.D. Ky. April 13, 2007) and *Draper-El v. Doom*, No. 3:08-CV-00386-CRS, 2008 WL 11344826 (W.D. Ky. Aug. 19, 2008).

2244(d)(1).[8] In this case, the limitation period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Section 2244(d)(1)(A).

Kentucky Rule of Criminal Procedure (RCr) 12.04(3) provides that a defendant has thirty days from entry of a judgment of conviction to file a notice of appeal. In this case, the Jefferson Circuit court entered its judgment of conviction on August 11, 2015. [R. 22-3 at PageID # 118.] Accordingly, Petitioner's conviction became final (and his 1-year period began to run) on or about September 11, 2015. *See Rhodes v. Spaulding*, No. 3:16-CV-00239-TBR, 2017 WL 4273302, at *3 (W.D. Ky. Sept. 26, 2017) ("The Jefferson Circuit Court entered the judgment of conviction and sentence on December 22, 1993. … Accordingly, the Court finds that Rhodes's conviction became final on January 22, 1994, after the time for filing a notice of appeal -- 30 days from entry of judgment -- expired."); *McWain v. Haddix*, No. 0:16-cv-36-JMH-JGW, 2017 WL 581312, at *2 (E.D. Ky. Feb. 13, 2017) ("McWain was sentenced in October 2008. … Thus, McWain's one-year period to file a timely federal habeas petition began to run in November 2008.").

According to Respondent, Petitioner filed his RCr 11.42 motion on September 7, 2016. [R. 22 at PageID # 92.] 28 U.S.C. § 2244 provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(2). Therefore,

---

[8] In its entirety, Section 2244(d)(1) provides as follows:
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

the running of Petitioner's 1-year period was tolled on September 7, 2016 (when Petitioner filed his 11.42 motion). **Eleven (11) months ran between September 11, 2015 (30 days after entry of judgment of conviction) and September 7, 2016 (when Petitioner filed his 11.42 motion).**

On November 7, 2016, the Jefferson Circuit Court entered an Order denying Petitioner's 11.42 motion. [R. 22-3 at PageID # 126.] RCr 12.04(3) and CR 73.02(1)(a) require that any notice of appeal be filed within thirty (30) days from the date of entry of an order. Therefore, in this case, tolling ceased thirty (30) days after November 7, 2016 -- on or about December 7, 2016. *See Edmonds v. White*, No. 17-5759, 2018 WL 3244014, at *1-2 (6th Cir. Feb. 1, 2018) ("The trial court overruled [Edmond's 11.42] motion on September 16, 2013. … The limitations period was tolled until October 16, 2013, thirty days after the trial court denied the RCr 11.42 motion, and the time expired during which Edmonds could file an appeal with the Kentucky Court of Appeals."); *Johnson v. Brown*, No. 13-242-GFVT-JGW, 2013 WL 12358524, at *2 (E.D. Ky. Aug. 21, 2013) ("The trial court denied the RCr 11.42 motion on October 10, 2008. … Thirty days from October 10, 2008 was Monday, November 10, 2008, the day the one-year clock began to again tick.").

Petitioner's subsequent, unsuccessful attempt to file an untimely notice of appeal was insufficient to sustain tolling. "[T]ime limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Where "the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Id.*; *see Edmonds v. White*, No. 17-5759, 2018 WL 3244014, at *1-2 (6th Cir. Feb. 1, 2018) ("Although Edmonds filed a notice of appeal on October 17, 2013, the appeal was untimely under state law -- as evidenced by the show-cause order issued by the Kentucky Court of Appeals ordering Edmonds to show cause as to why his appeal should not be dismissed as untimely. … Because Edmonds did not properly file his post-conviction petition with the Kentucky Court of Appeals … he was not entitled to statutory tolling while the state court reviewed his untimely appeal."); *Johnson v. Brown*, No. 13-242-GFVT-JGW, 2013 WL 12358524, at *2 (E.D.

Ky. Aug. 21, 2013) ("The trial court denied the RCr 11.42 motion on October 10, 2008. … Petitioner's appeal was dismissed in March 2009 due to petitioner's failure to timely file a notice of appeal. Accordingly, the time during which the appeal was pending is not a time during which a properly filed motion for post-conviction relief was pending.").

Petitioner filed his petition in this Court on or about March 27, 2018. [R. 1.] **Fifteen (15) months ran between December 7, 2016 (30 days after entry of Order denying 11.42 motion) and March 27, 2018 (when Petitioner filed his petition).**

As noted above, eleven (11) months ran between September 11, 2015 (30 days after entry of judgment of conviction) and September 7, 2016 (when Petitioner filed his 11.42 motion). Therefore, a total of twenty-six (26) months ran on Petitioner's 12-month period of limitation before he filed his petition. It follows that the petition was filed fourteen (14) months late.

**Petitioner has not cited no grounds in support of equitable tolling.**

Section 2254's 1-year period of limitation is not jurisdictional and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.2001). The Sixth Circuit, however, has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Ignorance of the law alone does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

As noted above, the Kentucky Court of Appeals gave Petitioner an opportunity to show cause why his appeal was late, but Petitioner "demonstrated INSUFFICIENT CAUSE to prevent the dismissal of this appeal." [R. 22-3 at PageID # 129.] The Order dismissing Petitioner's appeal provided no indication what cause, if any, Petitioner asserted for his late appeal. Petitioner has cited no grounds in support of equitable tolling.

**Show-cause order**

Therefore, it is hereby ORDERED that, within forty-five (45) days from entry of this Order, Petitioner shall file a statement or brief with the Court in which he either concedes that his habeas petitions should be denied and his action dismissed as barred by the 1-year period of limitation established by 28 U.S.C. § 2244(d), or alternatively, he explains why his petitions should not be found to be time barred. Petitioner is warned that failure to respond to this Order in a timely manner may result in a recommendation to the District Court that his action be dismissed. Respondent may reply to any response to this show-cause Order within thirty (30) days.

**Lanny King, Magistrate Judge**
**United States District Court**

c: pro-se Petitioner

June 12, 2019